**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

ALBERT TURKMANY,

    Plaintiff,

v.

TOWNSHIP OF WAYNE, NJ, CHIEF OF POLICE RIGA, SGT. FIRST CLASS THOMAS DEPPA, DET. RONALD ANTONUCCI, DET. OBERTI, SGT. O'BRIEN, PATROLMAN CLEMENTE, PATROLMAN MC ITYRE [sic], PATROLMAN DE LUCCIA, PATROLMAN DAROCH, SGT. SHENKJI, SGT. MC DERMOTT AND JOHN DOES 1-10, Individually and in their official capacities,

    Defendants.

Civil Action No. 05-762 (JAG)

**OPINION**

---

**GREENAWAY, JR., U.S.D.J.**

    This matter comes before this Court on the following motions: (1) Motion for Summary Judgment and Sanctions[1] (Docket Entry No. 53) filed by defendants Township of Wayne ("Township") and retired Chief of Police Ray Riga ("Chief Riga"); (2) Motion for Summary Judgment (Docket Entry No. 56) by defendants Sergeant Thomas Deppa ("Deppa") and Detective Ronald Antonucci ("Antonucci"); and (3) Motion for Summary Judgment (Docket

---

[1] The part of this motion seeking sanctions shall be addressed in a separate order.

1

Entry No. 54) by defendants Detective Oberti ("Oberti"), Sergeant O'Brien ("O'Brien"), Officer Clemente ("Clemente"), Officer McIntyre "McIntyre"), Officer DeLuccia ("DeLuccia"), Officer Daroch ("Daroch"), Sergeant Shenkji ("Shenkji"), and Sergeant McDermortt ("McDermott") (the "Individual Officer Defendants"), (collectively, "Defendants).  Upon reviewing the record, this Court concludes that the record, as it currently exists, provides an insufficient basis upon which to rule.  The motions will therefore be denied without prejudice.

Background

The facts underlying the present action arose from a dispute between Turkmany and his then-girlfriend, Veronica Intriago ("Intriago").  On March 23, 2003, Intriago went to the Township's police station, and ultimately filed a domestic violence complaint, naming Turkmany as the defendant.  Later that same day, various members of the Township's police department conducted two separate searches of Turkmany's home, and one search of the safes that were removed from his home.  The searches uncovered several weapons, illegal drugs, drug paraphernalia, and other items.

The following day, Turkmany turned himself in to the police.  On September 23, 2003, Turkmany was indicted on thirteen (13) criminal counts, including nine (9) counts of possession of a controlled dangerous substance and two (2) weapons charges.  The Prosecution then offered Turkmany a plea bargain and he pled guilty to unlawful possession of two controlled substances. Turkmany was sentenced to a three year term of probation and fines.

On February 28, 2005, Turkmany filed a complaint in this Court, raising nine causes of

action.[2]  On March 23, 2006,[3] Magistrate Judge Madeline Cox Arleo entered a case management order.[4]  On May 16, 2006, Judge Arleo entered another case management order, requiring both Plaintiff and Defendants to comply with various discovery requests.  On September 1, 2006,[5] a third case management order was entered, requiring all parties to comply with additional discovery requirements and setting September 30, 2006 as the closing date for discovery.

On October 5, 2006, Paul Bergrin entered a substitution of counsel to represent Turkmany, replacing Michael Querques.  On October 17, 2006, Judge Arleo entered her fourth case management order, which reiterated some of the previous discovery requirements and set forth additional requirements.  The order set November 30, 2006 as the end date for discovery and scheduled a telephonic status conference for December 5, 2006.  The order required Mr. Bergrin to initiate the telephone call.  Mr. Bergrin not only failed to initiate the conference call, but he did not participate in the call.  As a result, by letter order dated December 6, 2006 and addressed to Mr. Bergrin, Judge Arleo ordered Mr. Bergrin to show cause why monetary or reprimand sanctions should not be imposed upon him, pursuant to FED. R. CIV. P. 16(f), for his failure to participate in the conference call.  Judge Arleo held a hearing on the order to show

---

[2] The nine causes of action are: (1) violation of 42 U.S.C. §1983; (2) violation of 42 U.S.C. §1985; (3) state constitutional claims; (4) state intentional infliction of emotional distress; (5) false arrest and false imprisonment; (6) unlawful search; (7) malicious prosecution; (8) theft; and (9) negligence.

[3] The order was signed on March 21, 2006 and entered on March 23, 2006.  Magistrate G. Donald Haneke held a conference on June 28, 2005, and filed the initial case management order on June 29, 2005.

[4] This order amended a case management order entered on March 9, 2006.

[5] This order was signed on August 31, 2006, and entered on September 1, 2006.

cause on December 13, 2006.[6]  Based on the discussion at this conference, a fifth case management order was entered on December 28, 2006,[7] imposing numerous sanctions including: (1) barring photographs of doors and locks; (2) barring all damages claims; (3) giving defendants the option of barring Intriago's testimony; (4) barring the depositions of Chief Riga, Sgt. First Class Deppa, Patrolman Clemente, Patrolman De Luccia, Patrolman Daroch, Sgt. Shenkji, and Sgt. McDermott; and (5) closing discovery.  Thus, the motions for summary judgment presently before this Court are based on the record as it stands without the information barred by the December 2006 order.

Analysis

At the outset, this Court notes that "it is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'"  Doe v. Abingdon Friends School, 480 F.3d 252, 257 (3d Cir. 2007).  "This is necessary because, by its very nature, the summary judgment process presupposes the existence of an adequate record. . . . If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion."  Id.  While the Third Circuit made these observations in a case where the party opposing summary judgment had filed a motion, pursuant to FED. R. CIV. P. 56(f), this Court nonetheless concludes the same principles should apply in the absence of such a motion.

---

[6] This hearing was not recorded originally on the docket sheet, but this Court has a transcript of the hearing, now entered on the docket sheet as of March 3, 2008.  (Docket Entry No. 91.)

[7] The order was signed on December 21, 2006, and entered on the docket on December 28, 2006.

This Court reached this conclusion by drawing a corollary to Third Circuit precedent involving the authority of district courts to grant summary judgment sua sponte. Gibson v. Mayor and Council of Wilmington, 355 F.3d 215, 222 (3d Cir. 2004) ("It has long been established that, under the right circumstances, district courts are entitled to enter summary judgment *sua sponte*.") The "right circumstances" referred to by the Third Circuit include, but are not limited to, situations where "a party has had the opportunity to present all the evidence that would be used to oppose a motion for summary judgment," even if notice had not been given to that party. Id. at 224. Agreeing with the First Circuit, the Third Circuit noted that notice means "'the targeted party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward.'" Id. (quoting Leyva v. On the Beach, Inc., 171 F.3d 717, 720 (1st Cir. 1999) (internal quotations omitted)).

In the present case, Plaintiff has not been able to "put its best foot forward" since he has been denied the opportunity to conduct full and complete discovery. If a court has the authority to grant summary judgment in situations where discovery is complete, then it is only logical to conclude that a court would also have the authority to deny summary judgment when discovery is not complete, even in the absence of a motion made pursuant to FED. R. CIV. P. 56(f). In fact, by observing in their brief that the December 2006 "Order makes it impossible for Plaintiff to prove his case as a matter of law," (Defs.' Br. in Support of Defs.' Summ. J. Mot. 41), the Individual Officer Defendants acknowledge that Plaintiff cannot oppose the motion for summary judgment adequately since he lacks access to the facts necessary to do so.

As another judge in a similar situation aptly observed, "what is needed is more information to afford the court a basis upon which a decision could properly be made." Warner-

Lambert Pharm. Co. v. Sylk, 320 F. Supp. 1074, 1076 (E.D. Pa. 1970).[8]  Therefore, this Court must deny the motions for summary judgment based on the lack of a fully established record.[9]

Conclusion

       This Court concludes that a decision cannot be made on the motions for summary judgment based upon the partial record before it.  Therefore, the motions for summary judgment must be denied due to the lack of full and complete discovery.

                                       S/Joseph A. Greenaway, Jr.
                                       JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: March 27, 2008

---

[8]  In Warner-Lambert, the court concluded it could sua sponte order a continuance under FED. R. CIV. P. 56(f).  Warner-Lambert, 320 F. Supp. at 1076. This Court does not find the same flexibility in Rule 56(f), and shall not adopt the reasoning of that case in reaching its decision here.

[9]  Judge Arleo expressed a substantial degree of frustration in the hearing held on the record regarding Plaintiff's counsel's failure to comply with the Court's orders.  This ruling acknowledges that frustration; however, based on the continual changing of counsel over a relatively short period of time, and Plaintiff's ultimate retention of new counsel, who appears to be fully responsive to the Court's edicts, fairness requires that this Court allow the parties to develop the factual record fully.